## Davis and Long v. Commonwealth.

(Decided December 11, 1925.)

Appeal from Christian Circuit Court.

1. **Malicious Mischief—Evidence Held Insufficient to Support Conviction for Unlawfully Injuring Public Building.**—In prosecution for injuring public building under Ky. Stats., section 1258, evidence showing that defendants were occupants of jail which was

alleged to have been injured, but that other prisoners had during time injury was committed also had opportunity to do so, held insufficient to fix offense upon either of accused.

2.   Criminal Law—Courts Will Not Uphold Conviction Resting Wholly on Conjecture or Suspicion.—There must be some tangible evidence to authorize conviction of one for crime, and courts will not uphold conviction which rests wholly on conjecture or suspicion.

ALVIN H. SCHUTZ and SCHUTZ & FLEMING for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

The appellants, Davis and Long, together with Dill, were jointly indicted, charged with the offense of unlawfully injuring a public building, under the provisions of section 1258, Ky. Stats.

The two appellants being placed upon their joint trial were each found guilty and a fine of $200.00 adjudged against each of them, from which judgment this appeal is prosecuted.

The only question necessary to consider, and in fact the only one raised on the appeal, is whether the evidence justified the submission of the case to the jury.

On the 3rd or 4th of February, 1925, the three indicted, together with two or three others, were confined in the Christian county jail, and they were all confined in three cells which adjoined each other, and they each had access to each of the three cells through doors or openings. They likewise had access to a narrow passage or hallway used in going to and from the closet. On one of those days the jailer found that a certain metal grating or frame work had been sawed so as that an opening might be made. He promptly had the prisoners removed to another part of the jail, and had the place well repaired, after which he confined in that compartment embracing the three cells those three parties who were indicted. Again on the 26th of February, while the same three were still incarcerated in the jail, it was again discovered that the metal frame work or grating had been sawed in another place, and this indictment resulted.

On the trial the jailer first testified that between the 4th of February, when the repair work had been done

after the first depredation, and the 26th of February, when he discovered the second, there had been no occupant of that cell except the three defendants; but on cross-examination he virtually admitted that he did not know whether during that period any other person had been placed in that compartment, but that the turnkey could tell, and indirectly admits that two other persons, who were in there at the time of the first sawing, had been for a short time placed therein between the dates given. Then again when offered in rebuttal when asked if five named persons had been placed in that compartment between those dates, he answered that he did not think so, but that his books would show when those parties were in jail, but later admitted that another prisoner had been in that compartment and had stayed there two or three days.

The turnkey admits that he cannot say positively how many persons other than those indicted were in that compartment between those dates, but does say that he remembers one old man who had been placed in there and later taken out, and on cross-examination admits that probably another named prisoner had been placed therein. Then when testifying in rebuttal he remembered that three other prisoners had been placed in that compartment the night before the last discovery.

The evidence was directed wholly at the last occurrence, and both the jailer and the turnkey say that they do not know who did the sawing upon that occasion. It is apparent therefore not only that the three indicted had an opportunity to do this thing, but as many as five or six others during the period between the 4th of Februrary and the 26th of February had such opportunity.

Not only is there a failure to show that either of these two defendants or their co-defendant, who was not on trial, committed this depredation, but as between the three, even if they had been the only three confined therein during the period in question, there is nothing to show which one or more of them committed the offense.

The evidence is that the last discovery was made on the 26th of February, and that the term of imprisonment of each of these appellants expired and they were actually liberated on the morning of the 27th. So that not only is there a total failure to fix this offense upon them or either of them, but apparently there was little, if any, incentive for them to have taken steps to escape.

It has been too often written to need repetition that there must be some tangible evidence to authorize the conviction of one for crime; the courts will not uphold a conviction which rests wholly upon conjecture or suspicion, and surely there is nothing more presented in this case, and the directed verdict should have been given.

Even if the three indicted had been positively shown to have been the only occupants of the compartment during the period involved, it would be a matter of mere conjecture or speculation as to which of them had committed the offense.

The judgment is reversed, with directions to grant appellants a new trial, and for further proceedings consistent with this opinion.